```
                                                      FILED
                                                   BILLINGS DIV.

       IN THE UNITED STATES DISTRICT COURT 2009 MAY 19 PM 1 56

       FOR THE DISTRICT OF MONTANA  PATRICK E. DUFFY, CLERK
                                    BY _____
              BILLINGS DIVISION            DEPUTY CLERK
```

| | |
|---|---|
| JONATHAN WAYNE VANDERSLOOT, | ) ) ) |
| Petitioner, | ) CV-04-130-BLG-RFC ) ) |
| vs. | ) ) ORDER |
| MIKE MAHONEY, Warden, | ) ) |
| Respondents. | ) ) ) |

On April 23, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 24*) with respect to Vandersloot's 28 U.S.C. § 2254 petition for writ of habeas corpus. Magistrate Judge Ostby recommends that the petition and amended petition be denied on the merits.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Petitioner filed an objection on May 13, 2009. Petitioner's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

1

Petitioner's objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

This Court agrees with Magistrate Judge Ostby's conclusion that Vandersloot's trial was not marred by constitutional error. The jury believed witnesses other than Vandersloot and Big Hair. Admission of Burke's testimony did not violate a federal proscription against "the appearance of impropriety" or witnesses who are not credible. There is no such proscription. The jury knew of all the reasons to question Burke's credibility. Admission of the medication sign-out sheet did not violate the Confrontation Clause under *Ohio v. Roberts*, 448 U.S. 56 (1980), because the sheet was a record of regularly conducted activity and Vandersloot did not claim it was not authentic.

Vandersloot claims the prosecution violated Brady by failing to disclose exculpatory evidence showing that seven pills were not accounted for, but he refers to no evidence showing that seven pills were not accounted for. The trial court's order in limine was violated when Burke mentioned that urinalysis tests were administered after the incident, but the reference was fleeting and indefinite, and the matter was immediately dropped. Big Hair admitted using Dexedrine, and

his test was the only one whose results were disclosed to the jury. Additionally, Big Hair's admission drained any possible prejudice from mention of his urinalysis test. Vandersloot was the only inmate with a Dexedrine prescription. Vandersloot signed for 27 out of a total of thirty pills and three remained in the bottle. Big Hair did not explain how he managed to steal Vandersloot's prescription. The evidence was sufficient to support the verdict.

As to Vandersloot's sentencing claims, he exercised his right to remain silent in the presentence interview, and he identifies no federal right to counsel in a presentence interview. Vandersloot asserts that the presentence report would not have been "vindictive" or inaccurate if counsel had been present, but he identifies nothing in the report that is vindictive or inaccurate or that could not be corrected at the sentencing hearing. Vandersloot alleges that his sentence was excessive, but it was well below the statutory maximum. No federal law requires state drug sentences to be proportional to the amount of drugs involved. Finally, the conditions of his parole are not irrational. They are related to matters that came out at his trial.

Accordingly, **IT IS HEREBY ORDERED** that Vandersloot's Petition (*Doc. 1*) and Amended Petition (*Doc. 16*) are DENIED on the merits.

A certificate of appealability is DENIED.

The Clerk of Court is directed to enter judgment by separate document in favor of Respondents and against Petitioner. The Clerk of Court shall notify the parties of the making of this Order.

DATED this 19th day of May, 2009.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE